# EXHIBIT B



RECEIVED
JUN 25 2018



$7.41    US POSTAGE
JUN 21 2018   Mailed from ZIP 18512
2 oz First-Class Mail Flats Rate

endicia.com    071V00562110

USPS FIRST-CLASS   R010

SABATINI FREEMAN, LLC
216 N BLAKELY ST
SCRANTON, PA 18512-1904

SHIP TO:
Synchrony Bank
170 W Election Rd Ste 125
Draper, UT 84020-6425



USPS CERTIFIED MAIL

9414 7102 0082 9771 8426 75

# SABATINI FREEMAN, LLC

CARLO SABATINI*
KRISTIN SABATINI
BRETT FREEMAN

RECEIVED
JUN 2 5 2018

216 N. Blakely St.
Dunmore, PA 18512
Phone: (570) 341-9000
Fax: (570) 504-2769
Satellite Office: Wilkes-Barre 823-9000

June 21, 2018

Synchrony Bank
170 West Election Road, Suite 125
Draper, UT 84020

Advanced Call Center Technologies, LLC
606 Morgan Blvd.
Harligen, TX 78550

Via Certified Mail Return Receipt Requested

RE: Joyce Zeiss v Synchrony Bank and Advanced Call Center Technologies, LLC
Lackawanna County Court of Common Please
Docket: 18-cv-3362

Dear Sir or Madam:

Enclosed please find the complaint in the above-referenced matter. Thank you for your anticipated cooperation.

Sincerely yours,

Brett Freeman

BF/smd

* Board Certified - Consumer Bankruptcy Law - American Board of Certification

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**
**Lackawanna County**

For Prothonotary Use Only:
Docket No: 18CV3362

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

| Commencement of Action: |
|---|
| ☒ Complaint ☐ Writ of Summons ☐ Petition |
| ☐ Transfer from Another Jurisdiction ☐ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Joyce Zeiss | Synchrony Bank, et al. |

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Brett Freeman

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability (does not include mass tort)
☐ Slander/Libel/ Defamation
☐ Other:

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:

**CONTRACT** (do not include Judgments)
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other

☐ Other:

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other

☐ Zoning Board
☐ Other:

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☒ Other:
Telephone Consumer Protection Act

*Updated 1/1/2011*

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

 Rule 205.5. Cover Sheet

 (a)(1) This rule shall apply to all actions governed by the rules of civil procedure except the following:

  (i) actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

  (ii) actions for support, Rules 1910.1 et seq.

  (iii) actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

  (iv) actions for divorce or annulment of marriage, Rules 1920.1 et seq.

  (v) actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

  (vi) voluntary mediation in custody actions, Rules 1940.1 et seq.

 (2) At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

 (b) The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

 (c) The prothonotary shall assist a party appearing pro se in the completion of the form.

 (d) A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

 (e) The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

| | |
|---|---|
| Joyce Zeiss<br>2517 Milwaukee Road<br>Clarks Summit, PA 18411,<br><br>             Plaintiff<br>   v.<br><br>Synchrony Bank<br>170 West Election Road, Suite 125<br>Draper, UT 84020,<br><br>and<br><br>Advanced Call Center Technologies, LLC<br>606 Morgan Blvd.<br>Harlingen, TX 78550<br><br>             Defendants | IN THE LACKAWANNA COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.<br><br>Jury Trial Demanded |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

            NORTHEASTERN PENNSYLVANIA LEGAL SERVICES, INC.
                      33 NORTH MAIN STREET, SUITE 200
                           PITTSTON, PA 18640
                        TELEPHONE (570) 299 4100
                             (570) 342-0184

| | |
|---|---|
| Joyce Zeiss,<br>　　　　Plaintiff<br><br>v.<br><br>Synchrony Bank and Advanced Call Center Technologies, LLC,<br>　　　　Defendants | IN THE LACKAWANNA COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.<br><br>Jury Trial Demanded |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). Defendants made multiple calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court.

3. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendants transacts business here.

### III. PARTIES

4. Plaintiff is a natural person residing at 2517 Milwaukee Road, Clarks Summit, PA 18411.

5. Defendant, Synchrony Bank ("Synchrony") is a bank with a place of business located at 170 West Election Road, Suite 125, Draper, UT 84020.

6. Defendant, Advanced Call Center Technologies, LLC ("ACCT") is a limited liability company with a place of business located at 606 Morgan Blvd., Harlingen, TX 78550.

IV. STATEMENT OF CLAIM

7. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8. Synchrony is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. ACCT is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff has a cellular telephone number that she has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

11. At all relevant times this phone number has been assigned to a cellular telephone service.

*Count 1- Violation of the Act (applies to both Defendants)*

12. The foregoing paragraphs are incorporated herein by reference.

13. Congress enacted the Act to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

14. Defendants caused to be made an unknown number of calls to Plaintiff's cell phone number.

15. Synchrony placed, or caused to be placed, hundreds of calls to Plaintiff's cell phone number.

2

16. At all times, ACCT was acting as an agent for Synchrony.

17. Synchrony is vicariously liable for every call that ACCT placed to Plaintiff on Synchrony's behalf.

18. Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

19. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and Plaintiff's cellular telephone line.

20. Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

21. The calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

22. These telephone calls were not made for "emergency purposes," as defined in 47 C.F.R. § 64.1200.

23. These telephone calls were not made with the Plaintiff's prior express consent. Plaintiff does not believe that she ever consented to receiving these telephone calls.

24. These telephone calls were placed while Plaintiff was in the United States.

25. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendants caused to be made to Plaintiff's cellular telephone number.

3

26. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

27. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendants for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Brett Freeman
Bar Number: PA 308834
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

### CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Brett Freeman

4

Bar Number: PA 308834
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

## Verification of Complaint and Certification
## by Plaintiff Joyce Zeiss

Plaintiff, Joyce Zeiss, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2018.         Joyce Zeiss, Plaintiff